**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) JENNIFER KILPATRICK, an individual, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) CIV- 18-138-SLP |
| v. | )<br>) JURY TRIAL DEMANDED |
| (1) CITY OF NEWCASTLE, an Oklahoma Municipality, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

# COMPLAINT

COMES NOW Plaintiff, Jennifer Kilpatrick ("Plaintiff"), by and through her attorneys of record, Richard R. Rice and Orion A. Strand, and for her causes of action against Defendant, City of Newcastle (the "City"), alleges and states as follows:

## PARTIES

1. Plaintiff is an individual and former City employee who, at all relevant times, has resided in Newcastle, Oklahoma located in the Western District of Oklahoma.

2. The City is an Oklahoma municipality with its principal place of business in the Western District of Oklahoma.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 in that this action arises out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-*et seq*., and 42 U.S.C. § 1983.

4. This Court further has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, to consider all Oklahoma state-law claims raised below.

5. Venue is appropriate in this Court under 28 U.S.C. § 1391 because Defendant City's principal place of business is located in the Western District of Oklahoma, and because a substantial part of the events or omissions giving rise to the claims raised herein occurred within this jurisdiction.

## PROCEDURAL HISTORY

6. Prior to filing this action, but within 180 days of the occurrence of the acts on which this Complaint is based, Plaintiff filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") based on the claims set forth in this Complaint.

7. Plaintiff received a Notice of Right to Sue from the EEOC within ninety (90) days preceding the filing of this Complaint.

## FACTUAL BACKGROUND

8. Plaintiff began employment with the City of Newcastle on or about March 21, 1999. In 2001, Plaintiff began working in the position of court clerk. At all times during her employment, Plaintiff performed her duties in a satisfactory manner, receiving several merit raises throughout her career. In the 19 years Plaintiff worked for the City, she had never received any kind of formal complaint, reprimand, or disciplinary action prior to the events that gave rise to the present action.

9. Over many years, Assistant City Manager for the City of Newcastle, Kevin Self ("Self"), engaged in a pattern or practice of discriminatory activities against female

City employees. These activities included jumping out and scaring female employees, unwelcome horseplay, mental abuse, embarrassment, and generally contributing to the creation of a hostile and abusive work environment.

10. Plaintiff and a female co-worker verbally reported Self to Newcastle City Manager, Nick Nazar ("Nazar"), on April 11, 2016. Nazar dismissed Self's behavior as inconsequential fun and games.

11. When Self's harassment intensified, Plaintiff and a female co-worker again reported Self to Nazar on April 20, 2016. Nazar again dismissed Self's behavior as fun and games.

12. Plaintiff attempted to report Self to Nazar yet again on April 22, 2016, but Nazar simply refused to speak with Plaintiff on the matter.

13. On May 16-18, 2016, Plaintiff and a female co-worker attended the Oklahoma Municipal Court Clerks Association ("OMCCA") annual conference in Stillwater, Oklahoma. Plaintiff received a Diploma for completion of the certification requirements on May 17, 2016.

14. On May 27, 2016, Plaintiff received a notification from Nazar that an investigation was taking place concerning alleged reports that Plaintiff had not in fact attended classes at the OMCCA conference. These reports were vague and never substantiated. Further, upon information and belief, these reports were specifically solicited by Self and/or Nazar in order to provide pretextual justification for Plaintiff's termination.

15. Plaintiff was interviewed by a panel of City management on June 14, 2016, regarding allegations that Plaintiff did not attend the May, 2016 OMCCA conference. During that interview, Plaintiff produced the certificate that she received for the conference, notes she had taken during the presentations, handouts given during the presentations, and emails from others in attendance stating that they were glad to see her at the conference.

16. Despite the overwhelming evidence Plaintiff presented showing her attendance at the OMCCA conference, Nazar issued a Discipline Report on July 29, 2016, containing numerous false assertions and mischaracterizations of Plaintiff's testimony and evidence which she presented during her previous interviews. Plaintiff was placed on administrative leave on July 29, 2016.

17. Upon realization that it had insufficient pretext to terminate Plaintiff based on her alleged lack of attendance at the OMCCA conference, the City then fabricated claims that Plaintiff had mismanaged records and documents in the performance of her duties as Court Clerk.

18. At this point, it became clear to Plaintiff that she was not merely under investigation for a misunderstanding concerning her attendance at the OMCCA conference, but in fact was being retaliated against for making complaints about Self's harassment and inappropriate workplace behavior. Plaintiff therefore prepared a written complaint to the HR Director for the City on August 24, 2016, detailing Self's harassment and discriminatory behavior.

19. Plaintiff was terminated from employment with the City on September 23, 2016; she immediately applied for unemployment compensation with the Oklahoma Employment Security Commission ("OESC").

20. On October 4, 2016, Nazar sent a letter to the OESC containing numerous false assertions that Plaintiff had violated city policies by failing to attend the OMCCA conference and failing to perform her job in a satisfactory manner.

21. The OESC initially denied Plaintiff unemployment compensation benefits due to the City's false assertions. However, Plaintiff successfully appealed the ruling, as the City was unable to provide substantive evidence of any malfeasance.

### COUNT 1: GENDER DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII AND THE OADA

22. Plaintiff restates and re-alleges all previously pleaded paragraphs as if fully contained herein.

23. Plaintiff and other female City employees were subjected to severe and pervasive workplace harassment at the hands of Self, which generally lead to the creation of a hostile and abusive work environment.

24. Plaintiff's gender was a significant motivating factor of Self's behavior.

25. Plaintiff was, at all times, qualified for the job she performed at the time of her termination, and any alleged malfeasance that would justify any adverse employment actions was fabricated by City management in an attempt to cover up its employees' unlawful discriminatory activities.

26. As a direct and proximate result of the City's actions, Plaintiff has suffered damages which include lost wages and benefits, loss of reputation, humiliation, embarrassment, and emotional distress.

## COUNT 2: RETALIATION

27. Plaintiff restates and re-alleges all previously pleaded paragraphs as if fully contained herein.

28. Plaintiff engaged in a protected activity when she reported Self's harassment and discrimination of the City's female employees to City management.

29. The City took actions that were materially adverse to Plaintiff when it placed her on administrative leave, ignored the substantive evidence Plaintiff proffered showing that she did not commit any malfeasance, then fabricated other causes of disciplinary action which ultimately resulted in her termination.

30. The City further retaliated against Plaintiff when it reiterated those falsities to the OESC in an attempt to deny Plaintiff unemployment benefits.

31. As a direct and proximate result of the City's actions, Plaintiff has suffered damages which include lost wages and benefits, loss of reputation, humiliation, embarrassment, and emotional distress.

## COUNT 3: DEPRIVATION OF DUE PROCESS

32. Plaintiff restates and re-alleges all previously pleaded paragraphs as if fully contained herein.

33. Part V, Section 500 of the City's Personnel Manual creates certain procedural due process rights to City employees who are subject to disciplinary actions; namely,

the right to fair and proper investigation into the alleged misconduct, and the right to fair and proper notice and hearing prior to any disciplinary action taken by the City.

34. The City has adopted a policy or custom of conducting its disciplinary hearings and investigations into employee misconduct in an arbitrary and capricious manner, such that those proceedings do not meaningfully guarantee that City employees' receive fair and proper treatment.

35. The City has exhibited deliberate indifference to Plaintiff's procedural due process rights by creating pretextual justifications to terminate her without attributing equal weight to the evidence Plaintiff presented in her defense throughout the investigative process.

36. Plaintiff had a property interest in her continued employment with the City by virtue of the Personnel Manual's guarantee of notice and hearing prior to termination for misconduct.

37. The City denied Plaintiff her due process rights by refusing to grant her a fair and proper investigation, and failing to apportion equal weight to the evidence she presented in her defense.

38. The City further deprived Plaintiff of her property interest in continued employment by terminating her on a pretextual basis which lacked any evidentiary support.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant judgment against Defendant for compensatory and punitive damages in excess of $75,000, along with attorney's fees, costs associated with this action, and all other relief to which she may be entitled.

        Respectfully Submitted,

        RICHARD R. RICE, OBA #15129
        ORION A. STRAND, OBA #33279
        *Rice Law Firm*
        1401 S. Douglas Blvd., Ste. A
        Midwest City, OK 73130
        (405) 732-6000/ (405) 737-7446
        Rick@RiceLawFirm.net
        Orion@RiceLawFirm.net

        ATTORNEYS FOR PLAINTIFF

**ATTORNEY'S LIEN CLAIMED**

**JURY TRIAL DEMANDED**